UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================= X

TODD KREISLER,

                                  *Index No. 13 CIV 1645*

              *Plaintiff*

     *- against -*

                                  **NOTICE OF APPEARANCE,**
                                  **VERIFIED ANSWER TO**
**FRESCO BAGEL LLC. d/b/a**                **AMENDED COMPLAINT,**
**FRESCO BAGEL and**                      **AFFIRMATIVE DEFENSES**
**350 E 67 ST. ASSOC.**                     **& CROSS-CLAIMS**

                  *Defendants.*

================================================= X

      ***PLEASE TAKE NOTICE,*** that ***Defendant*** 350 East 67 St. Associates, L.P., sued herein as 350 E. 67 St. Assoc., hereby appears in this proceeding by its attorneys, ***Sperber Denenberg & Kahan, P.C., 48 West 37th Street, 16th Floor, New York, New York 10018, (917) 351-1335,*** and demands that all papers in this action be served upon their attorneys at the address set forth below.

      ***PLEASE TAKE FURTHER NOTICE,*** that Defendant 350 East 67th Street Associates, L.P., as and for their Answer to the Complaint, state as follows:

      1.     As to the allegations in paragraphs "1," "2," "6," "7," "8," "12," and "16," Defendant neither admits nor denies any of the allegations and respectfully refers all questions of law and fact to this Honorable Court.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph s designated "3," "5," "9," "11," "13," "14," and "15."

3.     With respect to paragraph designated "4," admit that Fresco Bagel LLC., is Lessee and that this answering Defendant 350 East 67th Street Associates, L.P. is the owner but refers all further allegations to this Honorable Court.

4.     Defendant denies the allegations contained in paragraphs "10," of the Complaint, except that Defendant admits that 350 East 67th Street Associates, L.P. is a New York Liability Company and is the owner of the property.

5.     As to the allegations in paragraph "17," Defendant neither admits nor denies any of the allegations to the extent that it contains legal conclusions or assertions to which no response is required and respectfully refers all questions of law and fact to this Honorable Court.

6.     Defendant denies the allegation in paragraph "18," of the complaint.

7.     As to the allegations in paragraph "20," Defendant neither admits nor denies any of the allegations to the extent that it contains legal conclusions or assertions to which no response is required and respectfully refers all questions of law and fact to this Honorable Court.

8.     Defendant denies the allegations in paragraph "21," of the complaint.

### AS TO ATTORNEYS FEES

9.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "23," and respectfully refers to all questions of law and fact to this Honorable Court.

### DAMAGES

10.     Defendant denies the allegations in paragraph "24," of the complaint.

### *INJUNCTIVE RELIEF*

11.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation in paragraph "25," and respectfully refers all questions of law and fact to this Honorable Court.

### *AS AND FOR A FIRST AFFIRMATIVE DEFENSE*

12.     The Plaintiff fails to state a cause of action upon which relief can be granted.

### *AS AND FOR A SECOND AFFIRMATIVE DEFENSE*

13.     That upon information and belief, Plaintiff lacks standing to bring the above suit either under the Americans with Disability Act and with regard to New York Executive Law.

### *AS AND FOR A THIRD AFFIRMATIVE DEFENSE*

14.     That upon information and belief, the premises which are the subject of this suit fully complies with the ADA, New York State Human Rights Law, New York City Administrative Code in that the property is readily accessible and usable by individuals protected by the above statutes to the maximum extent feasible and to the maximum extent it is permitted by state and local zoning laws.

### *AS AND FOR A FOURTH AFFIRMATIVE DEFENSE*

15.     The violations which are alleged in the complaint do not affect the plaintiff's alleged disability, or otherwise impede any access or use of the subject premises.

### *AS AND FOR A FIFTH AFFIRMATIVE DEFENSE*

16.     The Plaintiff has suffered no injury or damages by any of the alleged violations stated in the complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     Upon information and belief, the Plaintiff has neither appeared at the subject premises nor does he have actual knowledge of any of the alleged violations stated in the complaint nor does Plaintiff have a plausable intention to return to the property.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.     That upon information and belief the Plaintiff is not proximately located to, does not live near, or otherwise has not set forth a basis for his initial appearance in the subject premises.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.     That upon information and belief, the Plaintiff is a serial Plaintiff who seeks to capitalize off of the provisions of Federal and State Law intended for the betterment of the disabled.

20.     That upon information and belief, the Plaintiff has been a plaintiff in at least 25 other ADA proceedings in United States District Court alone from June 2010 to the present.

21.     That upon information and belief, the Plaintiff and his attorney with assistance investigates and targets "deep pockets" in order to determine who to bring suit for alleged ADA violations.

22.     That upon information and belief, the Plaintiff by bringing suit is attempting to either extort settlement proposals from the Defendants he targets or otherwise attempts to duly run up litigation expenses in an attempt to collect unreasonable litigation costs and fees which the Statute contemplated for the benefit of litigants who were legitimately being deprived of services they regularly used and who could otherwise not afford to litigate.

23.     That the filing of this suit is driven by a desire to recover attorneys fees and is in contradiction of the purpose of the ADA.

24.     That upon information and belief, the Plaintiff profits off of legal fees received on the various proceeding he has commenced.

25.     The sharing of legal fees by a lawyer with a non lawyer is a violation of New York State Disciplinary rules.

26.     By virtue of the foregoing, the Plaintiff is barred from proceeding with this proceeding based on the doctrine of unclean hands.

### *AS AND FOR A NINTH AFFIRMATIVE DEFENSE*

27.     The Plaintiff has not filed a complaint for any of the alleged violations with the New York State or New York City Division of Human Rights.

28.     New York State and new York City Law do not allow an individual a private right to initiate suit for any allege violation of New York State Law or New York City Law and vests sole authority to prosecute these actions with the respective New York State and new York City Divisions of Human Rights.

### *AS AND FOR A TENTH AFFIRMATIVE DEFENSE*

29.     The Plaintiff has failed to exhaust his administrative remedies prior to the initiation of the within proceeding.

### *AS AND FOR A CROSS CLAIM AGAINST DEFENDANT FRESCO BAGEL LLC.*

30.     350 East 67th Street Assoc., hereinafter (350) is the owner and landlord of the building located at 1239 First Avenue, New York, New York.

31.     That by lease dated May 11, 2005 ("350") leased the store located at 1239 First Avenue, New York, to Fresco Bagel LLC.

32.     That the lease as assigned and modified by agreement dated June 4, 2017.

33.     That by virtue of and pursuant to the assignment referred to in Paragraph "32," Fresco Bagel LLC., (hereinafter "Fresco") is the tenant of the corner floor store located at 1239 First Ave with the building (hereinafter "premises").

34.     Pursuant to paragraph "59" of the lease Fresco agreed to indemnify and hold harmless 350 from any loss, cost, damage, expense or other liability of any kind whatsoever based in whole or in part on Tenant's use operation and/or improvements and/or alterations of the premises. In addition, the lease provides at Paragraph "50," that all alterations would be in compliance with all statutes, ordinances, rules orders, regulations and requirements of Federal, State, County and City Guaranty and all laws.

35.     This Court had pendent and ancillary jurisdiction over the cross-claims herein.

36.     The Plaintiff alleges that he has suffered an injury at the subject premise based upon Fresco's failure to comply with State and Federal law for the disabled and because of the operation Fresco's business.

37.     To the extent that the Court award damages, costs and fees in the proceeding the lease agreement specifically provides that Fresco shall indemnify 350 for any such liability.

38.     Accordingly, if the court finds that the Defendants are liable, 350 asks that the court enter a declaration and hold that Fresco is to indemnify 350 and enter judgment in 350's favor against Fresco based upon indemnification and/or contribution as result of the Court's findings.

## AS AND FOR THE DEFENDANT'S SECOND CROSS-CLAIM
## AGAINST DEFENDANT FRESCO BAGEL LLC.

39.     "350" repeats and reiterates paragraphs "1," through "38," as though more fully set forth herein.

40.     Paragraph "19," of the lease between "350" and Fresco provides that Fresco is responsible for any attorneys fees incurred by "350" in any proceeding which "350" is required to defend on account of Frescos default of the lease.

41.     That while the issue of default is to be adjudicated by this Court, in the event this Court finds for Plaintiff, Co-Defendant Fresco is liable to this answering Defendant for reimbursement of legal fees.

42.     Accordingly, Fresco seeks an award of attorneys fees in an amount to be determined by the Court but no less that $10,000.00 for the defense of this proceeding.

*Wherefore,* Defendants demand  judgment dismissing the complaint herein, along entering judgment in favor of Defendant, "350" on its cross-claims along with all such other and further relief as to this Court seems just and proper.

Dated:   New York, New York
         May 6, 2013

Yours, etc.

SPERBER DENENBERG & KAHAN, P.C.

By:  *Steven B. Sperber, Esq.*
*Attorneys for Defendant - 350 E 67 St. Assoc.*
**48 West 37th Street, 16th Floor**
**New York, New York 10018**
**(917) 351-1335, ext. 211**

*TO:*   **ADAM SHORE, ESQ.**
       **Law Offices of Adam Shore, PLLC**
       **100 Park Avenue, Suite 1600**
       **New York, New York 10017**

       **WROBEL and SCHATZ, LLP.**
       **Attention: David C. Wrobel, Esq.**
       **1040 Avenue of the Americas**
       **Suite 1101**
       **New York, New York 10018**

## *VERIFICATION*

*STATE OF NEW YORK* )
                    )ss.:
*COUNTY OF NEW YORK* )

       *MOSHE SCHMUELIAN,* being duly sworn, hereby deposes and says:

            1.     I am a member of 350 East 67th Street Assoc., Defendant in the within action.

            2.     I have read the foregoing *Verified Answer,* affirmative defenses and cross-

claims know the contents thereof; the same is true to my knowledge, except as to those matters

therein stated to be alleged upon information and belief, and as to those matters, I believe them to

be true.

                                                           *MOSHE SCHMUELIAN*

*Sworn to before me this*
*___2___ day of May, 2013*

STEVEN B. SPERBER
Notary Public, State of New York
No. ...
Commission Expires Westchester County
... 20...

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                        : ss.:
COUNTY OF NEW YORK  )

        **BEATRIZ CRUZ**, being duly sworn, deposes and says:

        Deponent is not a party to the action, is over 18 years of age and is employed by Sperber & Denenberg & Kahan, P.C., 48 West 37th Street, 16th floor, New York, New York.  On **May      , 2013** deponent served the **NOTICE OF APPEARANCE, VERIFIED ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & CROSS-CLAIMS,** upon the party(ies) whose name(s) and address(es) is(are) listed below as follows:

*ADAM SHORE, ESQ.*
*Law Offices of Adam Shore, PLLC*
*100 Park Avenue, Suite 1600*
*New York, New York 10017*

*WROBEL and SCHATZ, LLP.*
*Attention: David C. Wrobel, Esq.*
*1040 Avenue of the Americas*
*Suite 1101*
*New York, New York 10018*

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper via certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                            **BEATRIZ CRUZ**

Sworn to before me this
    day of May, 2013

        Notary Public

JACQUELINE M. HANDEL
NOTARY PUBLIC, State of New York
No. 02-HA5033367
Qualified in Queens County
Commission Expires September 19, 2014

*13 CIV 1645*

*Index No.*                                    *Year 20*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*TODD KREISLER,*

                                               *Plaintiff,*

                    *-against-*

*FRESCO BAGEL LLC d/b/a*
*FRESCO BAGEL and*
*350 E. 67 ST. ASSOC.*                    *Defendants.*

---

## NOTICE OF APPEARANCE, VERIFIED ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & CROSS-CLAIMS

SPERBER DENENBERG & KAHAN, P.C.
*Defendants*
*Attorneys for*

48 West 37th Street
16th Floor
New York, New York 10018
(917) 351-1335

---

*To:*

*Attorney(s) for*

---

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Attorney(s) for*

---

## PLEASE TAKE NOTICE

☐
NOTICE OF
ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    *20*

☐
NOTICE OF
SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court.*
*at*
*on*                                        *, at*                          *M.*

*Dated:*

SPERBER DENENBERG & KAHAN, P.C.
*Attorneys for*