UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TODD KREISLER,

                        Plaintiff,

       -against-

FRESCO BAGEL, LLC, d/b/a FRESCO BAGEL,
and 350 E. 67 ST. ASSOC.,

                        Defendants.
------------------------------------------------------------------X

Index No. 13-CV-1645

ANSWER TO COMPLAINT
WITH AFFIRMATIVE
DEFENSES AND CROSS
CLAIMS

Defendant Fresco Bagel, LLC, d/b/a Fresco Bagel ("Fresco Bagel"), by and through its attorneys, Wrobel Schatz & Fox LLP, as and for its Answer to the Complaint, dated March 12, 2013 (the "Complaint") of plaintiff Todd Kreisler ("Kreisler" or "Plaintiff"), answers as follows:

## ANSWER

1.    States that paragraphs 1 through 2 set forth legal conclusions as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

2.    Denies knowledge or information sufficient to determine the truth or falsity of the allegations set forth in paragraph 3.

3.    Denies knowledge or information sufficient to determine the truth or falsity of the allegations set forth in paragraph 4, except admits that Fresco Bagel is a New York limited liability company and that Fresco Bagel is the lessee of property located at 1239 First Avenue, New York, New York.

4.    States that paragraphs 5 through 8 set forth a legal conclusion as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

5.    Denies knowledge or information sufficient to determine the truth or falsity of the

1

allegations set forth in paragraph 9.

6. Denies the allegations set forth in paragraph 10.

7. Denies knowledge or information sufficient to determine the truth or falsity of the allegations set forth in paragraph 11.

8. States that paragraph 12 sets forth a legal conclusion as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

9. Denies the allegations set forth in paragraphs 13 through 16.

10. States that paragraph 17 sets forth a legal conclusion as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

11. Denies the allegations set forth in paragraph 18.

12. States that paragraph 19 is a conclusory paragraph as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

13. States that paragraph 20 sets forth a legal conclusion as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

14. Denies the allegations set forth in paragraph 21.

15. States that paragraph 22 is a conclusory paragraph as to which no response is necessary, but to the extent that one is called for, denies the allegations thereof.

16. Denies the allegations set forth in paragraphs 23 through 25.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**
(Failure to State a Claim)

17. The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense
(Unclean Hands)

18. Upon information and belief, Plaintiff is a serial plaintiff who seeks to capitalize off of the provisions of Federal and State Law intended for the betterment of the disabled.

19. Upon information and belief, Plaintiff has been a plaintiff in at least 25 other ADA proceedings in United States District Court alone from June 2010 to the present.

20. Upon information and belief, Plaintiff, with assistance, investigates and targets "deep pockets" in order to determine against whom to bring suit for alleged ADA violations.

21. Upon information and belief, Plaintiff, by bringing suit, is attempting to either extort settlement proposals from the defendants he targets or otherwise attempt to duly run up litigation expenses in an attempt to collect unreasonable litigation costs and fees, which the Statute contemplated for the benefit of litigants who were legitimately deprived of services they regularly used and who could otherwise not afford to litigate.

22. Upon information and belief, the filing of this suit is driven by a desire to recover attorney's fees and is in contradiction of the purpose of the ADA.

23. The sharing of legal fees by a lawyer with a non-lawyer is a violation of New York State disciplinary rules.

24. By virtue of the foregoing, Plaintiff is barred from proceeding with this action based on the doctrine of unclean hands.

## Third Affirmative Defense
(Waiver)

25. Plaintiff's claims are barred by the doctrine of waiver

## Fourth Affirmative Defense
(Estoppel)

26. Plaintiff's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense
(Compliance with ADA)

27. The premises that are the subject of this suit fully comply with the Americans with Disabilities Act, New York State Human Rights Law, and the New York City Administrative Code in that the property is readily accessible and usable by individuals protected by the above statutes to the maximum extent feasible and to the maximum extent permitted by state and local zoning laws.

### Sixth Affirmative Defense

28. The violations that are alleged in the Complaint do not affect Plaintiff's alleged disability, or otherwise impede any access to or use of the subject premises.

### Seventh Affirmative Defense
(Standing)

29. Upon information and belief, Plaintiff lacks standing to bring the instant action either under the Americans with Disabilities Act or New York Executive Law.

### Eighth Affirmative Defense
(Statute of Limitations)

30. Plaintiff's claims are barred by the applicable state and/or federal statutes of limitations.

### Ninth Affirmative Defense
(Failure to Mitigate)

31. Plaintiff has failed to mitigate his alleged damages.

### Tenth Affirmative Defense

32. Plaintiff has suffered no injury in fact by any of the alleged violations stated in the Complaint.

### Eleventh Affirmative Defense

33. Upon information and belief, Plaintiff has neither appeared at the subject premises, no does he have actual knowledge of any of the alleged violations stated in the Complaint.

### Twelfth Affirmative Defense

34. Plaintiff has failed to allege his initial basis and desire for using the subject premises.

### Thirteenth Affirmative Defense

35. Plaintiff is not proximately located to, does not live near, or otherwise has not set forth the basis for his initial appearance in the subject premises.

### Fourteenth Affirmative Defense

36. Plaintiff does not set forth any reasonable basis, intention, or desire to return to the subject promises, or how any of the alleged violations prevent Plaintiff from doing so.

### Fifteenth Affirmative Defense

37. The subject premises are in compliance with all state and local zoning laws, and the use of the premises is consistent with the prescribed use stated in the Certificate of Occupancy.

### Sixteenth Affirmative Defense

38. Correction of the violations that are alleged by Plaintiff, if the Court finds that they do, in fact, exist, is not readily achievable and/or is economically unfeasible.

### Seventeenth Affirmative Defense

39. Plaintiff has not filed a complaint for any of the alleged violations with the New York State or New York City Division of Human Rights.

40.     New York State and New York City laws do not allow an individual a private right to initiate suit for any alleged violation of New York State or New York City law, and vest sole authority to prosecute these actions with the respective New York State and New York City Divisions of Human Rights.

### Eighteenth Affirmative Defense

41.     Plaintiff has failed to exhaust his administrative remedies prior to the initiation of the instant action.

### CROSS-CLAIMS

### First Cross-Claim Against Co-Defendant 350 E. 67 St. Assoc.

42.     Defendant 350 E. 67 St. Assoc. ("350 E. 67 St.") is the owner and landlord of the building located at 1239 First Avenue, New York, New York (the "Premises").

43.     Fresco Bagel is the tenant of the Premises.

44.     If there is a verdict of liability as against Fresco Bagel by reason of the matters alleged in the Complaint, which Fresco Bagel denies, then, in that event, such damages were caused, in whole or in part, as a result of the actions or omissions of 350 E. 67 St.

45.     Consequently, Fresco Bagel is entitled to contribution from 350 E. 67 St. of an equitable share of any such adjudication of liability based on the comparative degree of culpability of 350 E. 67 St. for Plaintiff's damages.

### Second Cross-Claim Against Co-Defendant 350 E. 67 St. Assoc.

46.     Fresco Bagel repeats and realleges each of the allegations contained in paragraphs 39 through 42 as if fully set forth herein.

47.     If Plaintiff is entitled to recover damages against Fresco Bagel by reason of the

matters alleged in the Complaint, which Fresco Bagel denies, Fresco Bagel will have a claim over and against 350 E. 67 St. for full indemnity due to carelessness, recklessness, and negligence on the part of 350 E. 67 St., which was a proximate cause of Plaintiff's alleged injuries.

WHEREFORE defendant Fresco Bagel, LLC, d/b/a Fresco Bagel, respectfully demands judgment against plaintiff Todd Kreisler, dismissing the Complaint and awarding judgment in favor of defendant Fresco Bagel, LLC on its cross-claims against defendant 350 E. 67 St. Assoc., together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 10, 2013

WROBEL SCHATZ & FOX LLP

By: _____
David C. Wrobel (DW-5242)
1040 Avenue of the Americas, 11th Floor
New York, New York 10018
Tel: (212) 421-8100
*Attorneys for Defendant Fresco Bagel, LLC*

To (via ECF):

Adam Shore, Esq.
Law Offices of Adam Shore, PLLC
*Attorney for Plaintiff*
100 Park Avenue, Suite 1600
New York, New York 10017
Tel: (646) 476-4296

Steven B. Sperber, Esq.
Sperber Denenberg & Kahan, P.C.
*Attorneys for Defendant 350 E. 67 St. Assoc.*
48 West 37th Street, 16th Floor
New York, New York 10018
Tel: (917) 351-1335